U N I T E D   S T A T E S   D I S T R I C T   C O U R T
D I S T R I C T   O F   N E W   J E R S E Y

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER OPINION

November 3, 2008

Patricia M. Franklin
81 Halsey Street
P.O. Box 32207
Newark, NJ 07102
(*Attorney for Plaintiff Jerry Riggins*)

Margaret Ann Donaghy
Office of the U.S. Attorney
26 Federal Plaza
Suite 3904
New York, NY 10278
(*Attorney for Defendant Michael J. Astrue, Commissioner of Social Security*)

    Re:    <u>Riggins v. Commissioner of Social Security
            Civil Action No. 2:07-CV-2116 (WJM)</u>

Dear Counsel:

    This matter comes before the Court upon Plaintiff Jerry Riggins's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pursuant to Fed. R. Civ. P. 78, the Court did not hear oral argument. After considering the submissions of the parties, and based upon the following, Plaintiff's application for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The attorney's fees shall be awarded to Plaintiff, as opposed to the Plaintiff's counsel.

### BACKGROUND

    The relevant facts are simple. The Plaintiff, Jerry Riggins filed for disability benefits on October 28, 2002, because of shoulder, elbow, and back injuries. The Defendant Commissioner of the Social Security Administration denied his application on April 15, 2005,

finding that the evidence supported a conclusion that Riggins could perform the full range of light work as directed by Medical-Vocational Rules 202.17 and 202.10. Plaintiff filed a complaint in this Court appealing the decision on May 4, 2007. After the Commissioner filed an answer, Plaintiff filed a written brief on May 12, 2007, rather than the statement of primary contentions required by Local Civil Rule 9.1. Shortly after, the Commissioner consented to remand the case.

## STANDARD

Pursuant to the EAJA, a court may award a plaintiff attorney's fees if the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The burden lies on the Commissioner to justify the government's administrative and litigation positions. *See Taylor v. Heckler*, 835 F.2d 1037, 1040 (3d Cir. 1987). In order to prevail, the government must show: (1) a solid and well founded basis in the law for the facts alleged; (2) a solid and well founded basis in the law for the theory it propounded; and (3) solid and well-founded connection between the facts alleged and the legal theory advanced. *Id.* at 1042. The Commissioner must fulfill this tripartite test for both its administrative and litigation positions.

Generally, the party seeking attorney's fees must prove the reasonableness of its request. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). To meet this burden, the party must "submit evidence supporting the hours worked and rates claimed." *Id.* If a party challenges the fee request, it must identify the portion of the fee request being challenged and state the ground for the challenge. *Bell v. United Princeton Properties*, 884 F.2d 713, 715 (3d Cir. 1989). The court possesses wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse parties." *Id.* at 721. A court may not award less in fees than requested unless the opposing party makes specific objections to the fee request. *U.S. v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir. 2000).

## DISCUSSION

Both parties agree that this Court's reversal and remand of the Commissioner's determination makes Plaintiff the prevailing party under the EAJA, entitling him to attorney's fees. However, Plaintiff's request for attorney's fees must be reduced. Plaintiff seeks $6,110.03 for 35.60 hours in attorney's time, compensable at an hourly rate of $171.63. The Commissioner does not challenge the hourly rate, but does challenge the request for fees expended by Plaintiff in writing a brief for this case.

Of the 35.60 hours requested for reimbursement, Plaintiff's counsel expended 20.75 hours in reviewing the transcript and drafting the brief. (Decl. of Attorney Services Rendered Entries on Dec. 5, 2007, Apr. 17, 2008, Apr. 19, 2008, Apr. 22, 2008, Apr. 23, 2008.) The

2

20.75 hours spent on Plaintiff's brief included 6.85 hours to review the transcript and outline arguments, 13.75 hours to draft and finalize the appellate brief, and 0.15 hours to draft a letter to Plaintiff notifying him that the appellate brief had been filed. (*Id.*)

Plaintiff, however, failed to follow Local Rule 9.1(a)(2). The Rule requires that Plaintiff "serve upon defendant's counsel a statement setting forth plaintiff's primary contentions or arguments as to why plaintiff is entitled to relief." L. Civ. R. 9.1(a)(2). The purpose of the rule is to "encourage early and amicable resolution of Social Security matters." *Id.* "Failure to timely prepare" and submit those documents "may result in the imposition of sanctions by the Court." L. Civ. R. 9.1(b). In situations where plaintiff's attorney fails to draft a Local 9.1 statement, this Court has awarded plaintiff's attorney for the time that would have been reasonably necessary to draft a Local Rule 9.1 statement, approximately 7.2 hours. *See Shalan v. Comm'r of Soc. Sec.*, Civ. No. 07-5279, 2008 WL 2224809, at *1 (D.N.J. May 27, 2008).

In light of the Court's wide discretion in determining the reasonableness of attorney's fees, this Court will not compensate Plaintiff for the 20.75 hours spent reviewing the transcript, drafting, and finalizing Plaintiff's brief. Instead, the Court will compensate Plaintiff for 7.2 hours, the time it would have taken Plaintiff's attorney to prepare a Local Rule 9.1 statement. Plaintiff, thus, will be compensated for 22.05 hours rather than the 35.60 hours as requested, resulting in a total award of $3,784.44.

Additionally, the Commissioner's request that the attorney's fees be paid directly to the Plaintiff, as opposed to Plaintiff's counsel, is granted. The EAJA provides that in any civil action brought by or against the United States, attorney's fees shall be awarded "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). As this Court stated in *Chonko v. Commissioner of Social Security*, Civ. No. 06-1647, 2008 WL 1809188 (D.N.J. Apr. 22, 2008), a textual analysis of the EAJA indicates that the term "prevailing party" refers to the litigant himself, not his attorney. *Accord Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007); *FDL Techs., Inc. v. United States*, 967 F.2d 1578, 1580 (Fed. Cir. 1992).

## CONCLUSION

For the above stated reasons, Plaintiff's motion for attorney's fees under the EAJA is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to the EAJA, the Court grants Plaintiff, and not Plaintiff's counsel, a total award of $3,784.44. An appropriate Order accompanies this Letter Opinion.

                                              s/William J. Martini
                                              William J. Martini, U.S.D.J.